IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | CHAPTER SEVEN |
| --- | --- | --- |
| GEORGE H. BIRD, | : | BANKRUPTCY NO.: 5-05-bk-52403 |
| DEBTOR | : | **{RE: Doc. #31, 33}** |

*****************************************************************************

| IN RE: | : | CHAPTER SEVEN |
| --- | --- | --- |
| JAMES L. CRAWN and MARIE A. CRAWN, | : | BANKRUPTCY NO.: 5-05-bk-56154 |
| DEBTORS | : | **{RE: Doc. #17, 18}** |

*****************************************************************************

| IN RE: | : | CHAPTER SEVEN |
| --- | --- | --- |
| BRUCE E. ASHLEY, | : | BANKRUPTCY NO.: 5-05-bk-57141 |
| DEBTOR | : | **{RE: Doc. #39, 40}** |

*****************************************************************************

| IN RE: | : | CHAPTER SEVEN |
| --- | --- | --- |
| RANDY A. KELLOCK, | : | BANKRUPTCY NO.: 5-05-bk-57500 |
| DEBTOR | : | **{RE: Doc. #28, 29}** |

*****************************************************************************

| IN RE: | : | CHAPTER SEVEN |
| --- | --- | --- |
| JEFFREY SCOTT McKEOWN and LORI L. McKEOWN, | : | BANKRUPTCY NO.: 5-06-bk-51121 |
| DEBTORS | : | **{RE: Doc. #31}** |

# **OPINION**[1]

Regardless of whether objections are filed to the fee applications of professionals appointed in bankruptcy cases, a bankruptcy court has an independent duty to review the bona fides of those fee applications. *In re Busy Beaver Building Centers*, 19 F.3d 833 (3rd Cir. 1999). Based upon that responsibility, I conducted a review of the fee applications filed by the appointed Attorney for the Trustee in all of the above-captioned cases as well as the Trustee's final reports. Based upon that review, it came to my attention that in

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

each case the Attorney for the Trustee was requesting reimbursement for fees and expenses incurred prior to the date of the filing of an application seeking approval by the Court of the Attorney's employment on behalf of the Trustee.[2]

The Court *sua sponte* set a hearing on the Trustee's final report and account in each case, because each final account contained a proposed distribution to the Attorney for the Trustee. The United States Trustee filed a Statement of Review of the final report, application for compensation, and proposed distribution of property of the estate and, in each case, stated no objection. No creditor in any of the above-captioned cases filed an objection. The Court heard oral argument from the Trustee and thereafter gave the Trustee an opportunity to file a brief in support of the fee applications which the Trustee did file on May 19, 2008. Based upon the application and final report filed in each case, together with the oral argument at the time of the hearing and the written brief offered in support of the Trustee's position, the Court will grant, in part, and deny, in part, each fee application filed by the Attorney for the Trustee.

The portion of each application requesting reimbursement of fees and expenses for the period from the date of the filing of the application requesting approval of employment by the Court and forward are granted in their entirety. All fees and expenses requested by the Attorney for Trustee in each case prior to the date of the application for employment are denied. Furthermore, and for the reasons set forth herein, the request for *nunc pro tunc* approval in the *McKeown* case is denied in its entirety.[3]

---

[2] *In re McKeown* presents a slightly different fact pattern than the other captioned cases in that the Attorney for the Trustee has filed an Application seeking *nunc pro tunc* approval due to the excusable neglect of the Trustee's staff.

[3] In addition to the above-captioned cases, the same issue involving the same Trustee and Attorney for the Trustee presents itself in the following cases: [5-03-bk-53019; 5-05-bk-50547; 5-05-bk-

It is important to clarify that I am not questioning the reasonableness or the necessity of the individual line item requests for reimbursement of services. Rather, I question whether the record in any of the cases justifies my ignoring what I deem to be the congressional purpose in imposing a prior approval requirement under 11 U.S.C. § 327(a) which mandates an application for employment be filed with the Court prior to performance of services by the professional. Important in this regard is that, other than the *McKeown* case, the Trustee, on behalf of the Attorney for the Trustee, has not requested in any of the cases retroactive approval of the appointment of the Attorney for the Trustee.

"While there is no explicit requirement under section 327(a) or Rule 2014, courts routinely require that an application for employment be filed with the court *prior* to performance of services by the professional sought to be employed. Failure to obtain prior court approval may result in the denial of fees for any pre-approval services." 3 Collier on Bankruptcy ¶ 327.01[2] at 327-6 (15th ed. rev.). The Trustee argues that the time lag between the beginning of the performance of services and the date that the application for employment was filed and the amounts requested for those services are so diminutive as to not cause prejudice to the estate and are certainly so immaterial that this Court can overlook the timing of the services performed vis-à-vis the filing of the application for employment.

Noteworthy, once again, is the fact that neither the Trustee nor the Attorney for the

---

53334; 5-05-bk-54925; 5-05-55243; 5-05-bk-55922; 5-05-bk-56239; 5-05-bk-57006; 5-05-bk-57799; 5-05-bk-58061; and 5-05-bk-58590] By separate Order, I will schedule a hearing on each of these cases unless the Attorney for the Trustee files a waiver of his request for fees and expenses incurred prior to the date that an application was filed with the Court to approve the employment of the Attorney for the Trustee.

[m:\users\cathy\opinions\5-05-bk-52403_Bird_et_al_Conway_Fees.wpd]     3

Case 5:05-bk-52403-JJT    Doc 42    Filed 10/17/08    Entered 10/17/08 14:01:56    Desc
Main Document      Page 3 of 6

Trustee filed a request for *nunc pro tunc* approval in any of the captioned cases above except for the *McKeown* case. Giving the benefit of the doubt to the applicant, even if the Court should take the oral argument and the Trustee counsel's consolidated brief in support of the fee applications as a request for *nunc pro tunc* approval of employment, the Court simply, under the guidance provided by the Third Circuit in the cases of *Matter of Arkansas Co., Inc.*, 798 F.2d 645 (3d Cir. 1986) and *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99 (3d Cir. 1988), cannot approve the *nunc pro tunc* request. *F/S Airlease* provides that

> In *Arkansas*, we held that "bankruptcy courts may, *in extraordinary circumstances*, grant retroactive approval of professional employment." . . . We adopted a two-part test to determine the propriety of such retroactive approval: first, the bankruptcy court must find, after a hearing, that the applicant satisfies the disinterestedness requirements of section 327(a) and would therefore have been appointed initially; and, second, the court must, in the exercise of its discretion, determine that the particular circumstances presented are so extraordinary as to warrant retroactive approval.

*F/S Airlease II, Inc. v. Simon,* 844 F.2d at 105.

Furthermore, *Matter of Arkansas* provides that

> [I]n exercising its discretion, the bankruptcy court must consider whether the particular circumstances in the case adequately excuse the failure to have sought prior approval. This will require consideration of factors such as whether the applicant or some other person bore repsonsibility [sic] for applying for approval; whether the applicant was under time pressure to begin service without approval; the amount of delay after the applicant learned that initial approval had not been granted; the extent to which compensation to the applicant will prejudice innocent third parties; and other relevant factors.

*Matter of Arkansas Co., Inc.,* 798 F.2d at 650.

Significantly, the Trustee does not argue in any of the cases that the hardship was of anyone's making other than himself. There was absolutely no allegation of any time pressure in any of the cases which would justify beginning services prior to the filing of

the application for employment. The primary reason articulated for filing the applications at the respective times they were filed was that it was just prior to the effective date that the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 became effective and it was this "onslaught of cases filed pre-BAPCPA" that provides the extraordinary circumstances for counsel's "excusable neglect." See Trustee's Consolidated Brief in Support of Fee Applications at 4. This argument falls short. Perhaps if there was an accompanying emergency or exigent circumstances presented to the Court in any of the cases, then the Court could find extraordinary circumstances as contemplated by both *Matter of Arkansas* and *F/S Airlease II.* The record, however, is devoid of any support to justify a finding of extraordinary circumstances.

As to the *McKeown* case, the application was filed approximately nineteen (19) months after the filing of the bankruptcy case. The Trustee argues that two assistants in the office were working on different phases of the case, and the application was mistakenly not filed. (Amended Application to Appoint Attorney Nunc Pro Tunc filed by Trustee at #31.) The Third Circuit does not recognize inadvertence or oversight by counsel as excusable neglect sufficient to be considered extraordinary circumstances. *Matter of Arkansas Co., Inc.,* 798 F.2d at 649. *Matter of Arkansas* instructs that the Bankruptcy Court has discretion to approve retroactive approval but only in those cases where the delay in seeking approval was because of a hardship beyond the professional's control. *Id.* at 650. At best, the record presents an oversight or inadvertence on behalf of the Trustee (or perhaps, a lack of understanding that prior approval was required prior to the initiation of services by a professional).

Apropos to my ruling is the final thought advanced by the Third Circuit in the

[m:\users\cathy\opinions\5-05-bk-52403_Bird_et_al_Conway_Fees.wpd]    5

Case 5:05-bk-52403-JJT    Doc 42    Filed 10/17/08    Entered 10/17/08 14:01:56    Desc
Main Document    Page 5 of 6

*Matter of Arkansas* which wrote that "[i]n so ruling, we do not suggest that [counsel] acted from any improper motive or that it engaged in any of the practices that concerned Congress.  It is simply that the prophylactic statutory rule that approval must be sought in advance of performance of services is too strong to be overcome by a mere showing of oversight." *Id.* at 651.

An Order will follow.

Date:   October 17, 2008

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*